IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 16, 2005 Session

## MARY JOE EARL HEADRICK v. WILLIAM H. HEADRICK, JR.

**Appeal from the General Sessions Court for Loudon County**
**No. 7858    William H. Russell, Judge**

————————————

**No. E2004-00730-COA-R3-CV - FILED MARCH 7,  2005**

————————————

This appeal arises from a divorce in which the husband appeals the trial court's classification of separate and marital property as well as the division of these assets. The trial court reserved the issue of the wife's request for attorney's fees.  Since all issues were not adjudicated by the final decree, the order was not final pursuant to Tenn. R. App. P. 3(a).  Accordingly,  we hold that this appeal is premature and dismiss and remand to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Mary Lindsay Abbott and Ronald Lee Grimm, Knoxville, Tennessee, for the Appellant, William H. Headrick, Sr.

Terry Vann, Lenoir City, Tennessee, for the Appellee, Mary Joe Earl Headrick.

**OPINION**

This appeal began on December 22, 1999, when Mary Joe Earl Headrick (hereinafter referred to as "Wife") filed a complaint for divorce seeking, *inter alia*, a divorce, a division of assets, alimony, and attorney fees.  William H. Headrick, Jr. (hereinafter referred to as "Husband") filed an answer on January 12, 2000, and an amended answer on January 29, 2000.  Although there is no indication in the record of a hearing being conducted, an "Order", which was in the form of a final decree, was forwarded to the trial court on March 30, 2001, by Wife's counsel, with a certificate of service to Husband's attorney and with a letter requesting that the trial court enter the order without the signature of Husband's counsel, which the trial court did on April 2, 2001.  Husband then filed a "Motion to Amend Judgment" on April 26, 2001, attempting to make numerous corrections to the order entered on April 2, 2001.  The parties entered into an Agreed Order on November 26, 2001, vacating the Order of April 2, 2001 and setting the matter for trial.

The case was heard July 29 and 30, 2002 and the trial court entered a "Findings of Fact and Opinion of the Court" on September 23, 2002, which provided in pertinent part:

These parties separated and lived apart for more than 20 years without getting a divorce. They divided their personal property at that time but did not make any resolution concerning their real estate. The husband has made certain support payments to wife during this period of separation.

The parties purchased a tract of land in March of 1971 (Exh. #2) from John McLean and wife, from which the parties conveyed a portion thereof to wife for her separate property. The remaining portion of that tract is still being held by the parties as tenants in entirety, and is deeded as marital property. The remaining portions of said property shall be sold and the proceeds divided equally between the parties. The parties may agree to place the property with a realtor for six (6) months. If they cannot agree, the property will be sold by the Clerk of the Court at public auction.

The wife, in February 1982, purchased a tract of land from the Clerk and Master of the Chancery Court for 4.902 acres which apparently joins the tract originally purchased by both parties. Although the husband claims this was a purchase by both parties, the proof established that the wife made the purchase for herself. The parties' son attempted to show by his testimony that he had purchased the tract. His testimony is not in any way believed by the Court, but is not material to the findings in this case. As far as this case is concerned, the additional acreage was the wife's sole property.

The parties have suggested to the Court methods of continuing support to the wife by the husband. My trial notes are not clear on this point and if the parties cannot agree on this, please schedule a re-argument for clarification on this part and any other you wish.

On September 29, 2003, Husband filed a Motion requesting a hearing to "determine an appropriate Final Decree of Divorce to be entered in this cause."

According to the record, another hearing took place on October 3, 2003, in a further attempt to enter a final decree. Finally, on February 17, 2004, the trial court entered a Final Decree of Divorce awarding the divorce to Wife and dividing the parties' assets. However, paragraph eight (8) of the decree expressly reserves "[t]he issue of attorney fees and the pending Petition for Contempt." Although not at issue here, the petition for contempt does not appear in the record and

Wife's counsel stated at oral argument that the petition had not been filed. No further order was entered resolving the issue of attorney's fees. Husband filed his notice of appeal on March 19, 2004.

Based upon a careful review of the record before us, we hold that the order appealed from is not a final order and, therefore, this appeal is premature. We are guided by Tenn. R. App. P. 3(a), which provides in pertinent part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or *multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties *is not enforceable or appealable* and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties. (Emphasis added)

Rule 54.02 of the Tennessee Rules of Civil Procedure also addresses this issue as follows:

> *When more than one claim for relief is present in an action*, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, *the Court*, whether at law or in equity, *may direct the entry of a final judgment as to one or more but fewer than all of the claims* or parties *only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order* or other form of decision, however designated, *that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties, and the order* or other form of decision *is subject to revision at any time before the entry of the judgment adjudication all the claims and the rights and liabilities of all the parties.* (Emphasis added)

Our Supreme Court has held that "[a]n order made final pursuant to rule 54.02 must be made dispositive of an entire claim or party." *Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 558 (Tenn. 1990).

Since the trial court has reserved the issue of attorney's fees, which is a claim by one or both parties in this lawsuit, there is no final order appealable at this time. This Court is aware that this divorce has been pending for over five (5) years. The record is replete with dueling orders between counsel and reveals an inability to reach a consensus on many issues. While we desire to assist the parties in bringing much needed closure to this matter, an award of attorney's fees is treated as an award of alimony, *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002), and the trial court has not made a ruling on this issue. Our holding in no way should be construed as an indication that the trial court should or should not grant the wife's request for attorney's fees, but only that the issue of attorney's fees must be resolved by the trial court before our review of the issues in this case.

For the foregoing reasons, we dismiss this appeal and remand to the trial court for disposition of the entire claim and for collection of costs below. The costs of the appeal are assessed equally between Mary Joe Earl Headrick and William H. Headrick.

_____

SHARON G. LEE, J.
